NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

February 16, 2021

Thomas Ambrosio, Esq.
750 Valley Brook Avenue
Lyndhurst, NJ 07071
*Counsel for Defendant Mumin Muhammad*

Courtney A. Howard, Esq.
Assistant United States Attorney
United States Attorney District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *United States v. Mumin Muhammad*
**Criminal Action No. 14-502 (SDW)**

Counsel:

Before this Court is Defendant Mumin Muhammad's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). (D.E. 33, 36.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

> or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). As such, under the FSA, "a defendant seeking a reduction in [their] term of imprisonment bears the burden of establishing both that [they have] satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On September 3, 2014, Defendant pled guilty to possessing with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (D.E. 19-23.) On January 12, 2015, Defendant was sentenced as a career offender to 144 months imprisonment and five years of supervised release. (D.E. 25.) Defendant is currently serving his sentence at Federal Correction Institution Danbury ("FCI Danbury") in Danbury, Connecticut. (D.E. 36-1.)

Defendant requested compassionate release from the warden at FCI Danbury on March 31, 2020. (D.E. 33-1 at 1.)[2] His request was denied on May 21, 2020. (*Id.* at 2-3.) On June 15, 2020, Defendant appeared *pro se* and moved this Court for compassionate release under the FSA. (D.E. 33.) Following the appointment of counsel, Defendant supplemented his motion on December 29, 2020, requesting compassionate release due to: 1) Defendant's asthma, which he contends might put him "at an increased risk for severe illness from the virus that causes COVID-19;" and 2) the Third Circuit's recent decision in *United States v. Nasir*, 18-2888, which Defendant argues would have precluded his designation as a career offender had it been in effect at the time of his

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

[2] Defendant specifically requested that he be transferred to home confinement. (D.E. 33-1 at 1.) To the extent Defendant seeks that relief now, this Court does not have the authority to order such relief; instead it has the authority only to issue a recommendation to the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3621(b)(4) (stating that the BOP may consider "any statement" by the sentencing court "recommending a type of penal or correctional facility"); *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (noting that "district courts [have] the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time").

sentencing. and would have required imposition of a sentence of less time than he has already served. (D.E. 36 at 2, 9-10.) The Government opposed on January 29, 2021.  (D.E. 37.)

C.

Defendant contends that his asthma makes him more vulnerable to becoming seriously ill should he contract COVID-19.  (D.E. 33; D.E. 36 at 10-11.)   According to the Centers for Disease Control and Prevention ("CDC"), however, even though people with asthma might be at an increased risk of severe illness from COVID-19, they are not definitively at an increased risk.  *See* CDC, *People with Certain Medical Conditions* (last updated February 3, 2021), *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html*.  Defendant's medical records indicate that his asthma is currently controlled and that he has received appropriate medical monitoring and treatment of his condition including the prescription of an inhaler and oral steroids when required.  (*See* D.E. 36 Ex. B.)  Although this Court is sympathetic to Defendant's medical concerns regarding possible complications caused by COVID-19, it will not grant his application because he has not established that "compelling and extraordinary reasons" justify his release.  *See Epstein*, 2020 WL 1808616, at *2.  This Court is not alone, as multiple decisions in this District have denied compassionate release to inmates suffering from asthma and/or other health issues, despite the risk of COVID-19.  *See, e.g.*, *United Stats v. Tull*, Crim. No. 15-622, 2020 WL 6381250, at *3 (D.N.J. Oct. 20, 2020) (finding defendant's asthma and other health conditions did not constitute "extraordinary and compelling" reasons justifying compassionate release where defendant was receiving adequate medical monitoring and appropriate medications); *United States v. Gore*, Crim. No. 10-250, 2020 WL 3962269, at *3–5 (D.N.J. July 13, 2020) (finding that defendant's obesity, asthma, and other factors did not constitute "extraordinary and compelling reasons that would justify his compassionate release," where the facility was providing adequate care); *United States v. Zaffa*, Crim. No. 14-050, 2020 WL 3542304, at *2 (D.N.J. June 29, 2020) (denying motion for compassionate release, finding chronic asthma that could be "controlled by careful attention to medication and behavioral prescriptions of" BOP physicians did not create "an extraordinary and compelling reason" for release); *United States v. Govil*, Crim. No. 18-607, 2020 WL 2992162, at *2 (D.N.J. June 4, 2020) (denying an asthmatic defendant's motion for compassionate release, noting "that multiple courts have denied release to older inmates and asthmatic inmates despite the risk of COVID-19").[3]

Even if this Court were to find that Defendant's asthma constituted an extraordinary and compelling reason for release, it would still deny his motion because the applicable sentencing

---

[3] This Court also takes into consideration that FCI Danbury is in the process of vaccinating its staff and inmate population and currently has only one inmate, and no staff members, at the facility with a confirmed active case of COVID-19.  (*See* https://www.bop.gov/coronavirus/ (last visited Feb. 11, 2021).)  With a total population of 871 inmates, FCI Danbury's positivity rate is approximately .001%, which is well under the current rate in Connecticut (6.4%), where FCI Danbury is located, and New Jersey (6.3%), where Defendant wishes to reside upon his release. *See Tracking Our COVID-19 Response,* https://www.covidexitstrategy.org (last updated Dec. 20, 2020) (providing positivity rates for all states).  Having reviewed the safety protocols and procedures instituted by the Bureau of Prisons, (*see* Bureau of Prisons, (last visited Feb. 11, 2021), *https://www.bop.gov/coronavirus/*), this Court finds that Defendant's risk of serious illness or death is not substantially higher simply because he is in custody at FCI Danbury.

factors under 18 U.S.C. § 3553(a) weigh against his early release.[4]  Defendant pled guilty to possessing with intent to sell 256 grams of heroin and has a history of drug distribution.  Early release would not "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," or deter Defendant or others from similar conduct.  *See* 18 U.S.C. §§ 3553(a)(2)(A); *see also* D.E. 32 at 14-19 (discussing factors considered in imposing Defendant's sentence, including Defendant's career offender classification).  This Court has carefully considered Defendant's submissions, including his claims that he has learned from his past mistakes and is working toward a better future for himself and his family. (D.E. 33 at 4-9.)  This Court is hopeful that Defendant is sincere and remains focused on those goals, however, it cannot grant Defendant the relief he seeks.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**.  Should a change in circumstances so require, Defendant may renew his motion.  An appropriate order follows.

                                               /s/ Susan D. Wigenton
                                         **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties

---

[4] This Court is not persuaded by Defendant's argument that the Third Circuit's decision in *United States v. Nasir*, 18-2888 constitutes a "extraordinary and compelling reason" for a sentence reduction, particularly given this Court's decision to vary from the Guidelines to give Defendant "lesser exposure for purposes of incarceration" at the time of sentencing. (D.E. 32 at 21.)  Although it is true that if Defendant were sentenced today he would not be classified as a career offender under *Nasir*, the Section 3553(a) factors that the Court considered at sentencing and must consider now have not changed.